IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LONNIE D. NIXON | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-19-3154 |
| WARDEN THOMAS WOLF and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Lonnie D. Nixon's Petition filed a Petition for a Writ of Habeas Corpus, challenging his conviction in the Circuit Court for Baltimore City.[1] Respondents filed a limited response, asserting that the Petition raises unexhausted claims and is subject to dismissal for lack of proper exhaustion. ECF No. 9. Mr. Nixon has filed a response opposing dismissal. ECF No. 11. No hearing is necessary to resolve the current issues. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing). For the reasons set forth below, the Petition will be dismissed without prejudice for lack of exhaustion. A certificate of appealability shall not issue.

---

[1] In supplements he filed to the Petition, Mr. Nixon includes claims that he is entitled to federal habeas relief based on the grounds of inconsistent verdicts, the state withheld evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the trial court erred, and his right to a speedy trial was violated. He also claims there were violations of state rules. ECF No. 4 at 4-6; ECF No. 6 at 1-3.

**BACKGROUND**

Mr. Nixon is serving a five-year sentence of incarceration for possession of a firearm by a prohibited person. ECF No. 1; *State of Maryland v. Lonnie Nixon*, Crim. Case No. 116039026 (Cir. Ct. for Balt. City, filed Feb. 08, 2016).[2] Following sentencing in 2017, he noted an appeal to the Court of Special Appeals of Maryland. In an unreported opinion filed on July 19, 2018, the appellate court affirmed his conviction, vacated his sentence and remanded the matter for resentencing. On January 1, 2019, his current five-year prison term was imposed. (ECF No. 1-2 at 3, 4; ECF No. 9-1 at 13). Prior to the conclusion of direct appeal, Mr. Nixon filed a petition for post conviction relief in the Circuit Court for Baltimore City on May 29, 2018. (ECF No. 9-1 at 14) (docket entry for February 21, 2019 showing the original filing date of the post conviction petition was May 29, 2018). The petition is pending. Briefing and a hearing have not yet been scheduled. *Supra* n.2; ECF No. 9 at 14-15.

In his Petition and response, Mr. Nixon complains that he "shouldn't have to wait a long time once [his state post conviction petition] is assigned to a judge" and that he is being denied his right to due process. ECF No. 4 at 3; ECF No. 11 at 2.[3]

**DISCUSSION**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); see *also Preiser v. Rodriguez,* 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a

---

[2] *See* Maryland Judiciary Case search http://casesearch.courts.state.md.us/casesearch (last viewed on April 30, 2020).

[3] This court has no authority to compel state court scheduling. Mr. Nixon may present his concerns in the appropriate state forum.

criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

The federal habeas statute provides that a petitioner a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Because Mr. Nixon's state post conviction proceedings are ongoing, his claims are unexhausted.[4]

A federal habeas court may excuse the exhaustion requirement if there is an absence of available state corrective process or the process is ineffective. In other words, exhaustion is

---

[4] Respondents' counsel notes (ECF No. 9 at 7) that because Mr. Nixon filed his post conviction petition before his judgment of conviction became final upon the expiration of the time to seek appellate review of his resentencing, the one year statute of limitations that applies to § 2254 petitions has not started to run. 28 U.S.C. § 2244(d)(1); *see also* 28 U.S.C. § 2244(d)(2) (providing the limitations period is tolled during the time a properly filed State post conviction application pertinent to the judgment is pending). The Clerk will be directed to mail § 2254 habeas forms and an information packet to assist Mr. Nixon after he exhausts his claims in state court and wishes to pursue his claims here. Mr. Nixon is cautioned to be mindful of the one-year limitations period as he pursues his claims on state post conviction review.

required if state remedies are available and meaningful, and not so deficient so as to be futile. 28 U.S.C. § 2254(b)1)(B)(1); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (noting an exception to the exhaustion requirement is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Further, a petitioner has the burden of establishing that the state court proceedings are "so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. Mr. Nixon initiated his ongoing state court post conviction proceedings, and does not assert pursuing his claims in state court will be futile. Rather, he asserts that the delay in proceedings violates his right to due process. "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129 (4th Cir. 1995)(unpublished). In determining whether delay constitutes a due process violation, the four factor speedy trial analysis applies. *Id*. In *Griffin v. Morrisey*, 2019 WL 7373789 *13 (S.D.W.Va. November 21, 2019), adopted by, 2019 WL 7374662 (S.D.W.Va. December 31, 2019), the magistrate judge reviewed some of the cases discussing what constitutes inordinate delay. None found a delay of the length involved here to be inordinate. Although Petitioner filed his post-conviction petition in May 2018, he still had appellate proceedings pending and was not resentenced until January 2019. Thus, the "delay" is not inordinate, being only nine months from his resentencing to the time this petition was filed. Accordingly, the petition will be dismissed without prejudice for lack of exhaustion.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, as is the case here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478.

The court finds that Mr. Nixon has not made the requisite showing and declines to issue a certificate of appealability. He may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

The court will, by separate order, dismiss the petition without prejudice for lack of exhaustion and decline to issue a certificate of appealability.

May 4, 2020                                             /s/
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge